**NOT PRINTED FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ROSSIE LEE JONES | § | |
| VS. | § | CIVIL ACTION NO. 9:17-CV-130 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION AND ORDER

Petitioner, Rossie Lee Jones, an inmate currently confined at the Barry Telford Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and 28 U.S.C. § 2254.

Factual & Procedural Background

Petitioner was indicted on two counts of aggravated sexual assault of a child (counts 1 and 2) and two counts of indecency with a child (counts 3 and 4) (docket entry no. 25-1). Pursuant to a plea agreement, petitioner pleaded guilty to all four counts and agreed to a term of imprisonment of twenty-two (22) years for counts 1 and 2 and twenty (20) years for counts 3 and 4 on February 13, 2007, in the 159th Judicial District Court of Angelina County in Cause Number 26,665. *Id*. Petitioner waived his right to appeal pursuant to a plea agreement. *Id*. The record does not show that petitioner has filed a state writ of habeas corpus relating to this conviction and sentence at any time (docket entry no. 25-2).

Petitioner originally filed this federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the Texarkana Division on January 9, 2017 (docket entry no. 1). At that time, petitioner

only appeared to request an evidentiary hearing and contended he must be released from prison on bail to testify at the hearing. A Report and Recommendation was entered recommending the petition be dismissed (docket entry no. 5). Petitioner filed Objections to the Report and Recommendation, asserting he is being held in custody past the expiration date of his sentence imposed in Angelina County which is located in the Lufkin Division. The Report and Recommendation was withdrawn and the petition was transferred to the Lufkin Division in the above-referenced case (docket entry no. 17).

On July 19, 2017, the Magistrate Judge to whom this case was referred entered a show cause order (docket entry no. 18). Petitioner amended his complaint on September 22, 2017 (docket entry no. 23) appearing to allege he was falsely imprisoned due to an "unlawful arrest and seizure" as it related to his original conviction and sentence. On September 27, 2017, Respondent filed an Answer with Brief in Support construing petitioner's complaint to ask for release on bond and appearing to claim petitioner was arrested without a warrant (docket entry no. 25).

On January 3, 2018, the Magistrate Judge then entered a Supplemental Show Cause Order requiring Respondent to address petitioner's claim that he is being held in custody past the expiration of his sentence (docket entry no. 27). Respondent filed a Supplemental Answer on February 9, 2018 (docket entry no. 32).

Petitioner's pleadings and responses are difficult to decipher. In response to the answers filed by Respondent, it would appear petitioner ultimately asks for "immediate release" and a bench warrant (docket entry nos. 30-31, 33-34).

Analysis

*28 U.S.C. § 2241*

A state prisoner may seek habeas relief under § 2241 for pre-trial issues, such as violations of the state speedy trial act, double jeopardy, or bond conditions. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (citing *Dickerson v. Louisiana*, 816 F.2d 220, 224) (5th Cir. 1987) (pretrial petitions properly brought under 28 U.S.C. § 2241)). While § 2241 does not on its face require a petitioner to have first exhausted his state-court remedies, there is a "judicially crafted" exhaustion requirement. *See Dickerson*, 816 F.2d at 225-26 (citations omitted).

Petitioner appears to ask for bond, citing to "ARTICLE 7.02" which allows for an appearance bond pending a hearing on a formal bond hearing. *See* TEX. CODE OF CRIM. P. ART. 7.02 (West 2017). Petitioner, however, is in prison. There is no indication in the record that he has committed another crime, while on parole for example, and is awaiting trial. If such were the case, petitioner would need to show that he has attempted to raise his challenge in state court. *See Dickerson*, 816 F.3d at 225-28 (exhaustion requirement). Otherwise, there is no apparent basis for a bond on the current record.

The only release programs available to petitioner are mandatory supervision and parole. *See Coleman v. Dretke*, 395 F.3d 216, 219 & n. 1 (5th Cir. 2004). Petitioner, however, is not eligible for mandatory supervision. *See* TEX. GOV'T CODE ANN. § 508.149(a)(5) & (8) (West 2002). Petitioner is eligible for parole. *See id.* § 508.145 (West 2002). It is well known that release on parole in Texas is discretionary, however. *See Coleman*, 395 F.3d at 219 & n.1. In sum, there is no basis for petitioner's request for release on bond. Even if there were a basis to request bond, there is no indication in the record that petitioner has exhausted this claim in state court as required. *See* Exhibit C (docket entry no. 32-3); *see also Dickerson*, 816 F.2d at 225-26 (citations omitted).

*28 U.S.C. § 2254*

A challenge to the "fact or duration" of a person's incarceration must be brought pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A warrantless arrest may violate the Fourth Amendment. *See Payton v. New York*, 445 U.S, 573, 586-87 (1980). The ability to assert a Fourth Amendment claim in a federal petition for writ of habeas corpus depends on whether the issue was addressed in state court. *Hughes v. Dretke*, 412 F.3d 582, 596 (5th Cir. 2005) (*Stone* bar "applies to all claims arising under the Fourth Amendment," including challenges to arrest).

As previously stated, the record indicates that petitioner has not attempted to challenge the legality of his underlying conviction and sentence, including any challenge to his arrest. Exhibit C (docket entry no. 32-3). Petitioner, therefore, has failed to properly exhaust his Fourth Amendment claim in state court. 28 U.S.C. § 2254(b); *see also Nobles v. Johnson*, 127 F.3d 409, 419 (5th Cir. 1997).

Petitioner also appears to allege he was pardoned by President Obama and is being held past his discharge date.[1] The record does not establish that petitioner was pardoned. The record also does not reflect that petitioner properly exhausted this claim either in state court as petitioner has failed to file any state writ of habeas corpus relating to his underlying conviction and sentence. Ex. C (docket entry no. 32-3); *see also* 28 U.S.C. § 2254(b); *Nobles v. Johnson*, 127 F.3d at 419. Petitioner's discharge dates on counts 1 and 2 are August 14, 2028 and his discharge dates for counts 3 and 4 are August 15, 2026. *See* Ex. B (docket entry no. 32-2).

---

[1] A President cannot pardon a state prisoner. *See United States v. Donofrio*, 450 F.2d 1054, 1056 (5th Cir. 1971).

ORDER

The above-referenced petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 and 28 U.S.C. § 2254 is **DENIED** for failure to exhaust state court remedies.

So **ORDERED** and **SIGNED** **March 20, 2020.**

_____
Ron Clark, Senior District Judge